# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

_____

**UNITED STATES OF AMERICA**                    Criminal Action 25-181-JWD-EWD

-vs-
                                                 AUSA: Paul Pugliese
**EVODIO MERIDA-TAVERA**                         Deft. Atty.: Karl Ludwig

| JUDGE: | Richard L. Bourgeois, Jr. | DATE: | December 30, 2025 |
|---|---|---|---|
| DEPUTY CLERK: | Samantha O'Neill | REPORTER/COURTROOM: | FTR GOLD/CTRM 6 |
| INTERPRETER: | Rosinda Morales | PRETRIAL/PROBATION: | Joseph Molyneux |

## CLERK'S MINUTES
## INITIAL APPEARANCE AND ARRAIGNMENT

Karl Ludwig appeared as standby counsel on behalf of the defendant.

Interpreter, Rosinda Morales, was sworn to interpret the proceedings.

The defendant was sworn, advised of his rights and the purpose of this hearing.

The defendant was advised of his right to consular notification. The defendant requested that his consular officials be notified.

Upon questioning by the court, the defendant advised that he wanted counsel appointed to represent him in this matter. The court questioned the defendant concerning his financial condition, found that the defendant is eligible for court-appointed counsel and appointed the Office of the Federal Public Defender to represent the defendant or to appoint a CJA panel attorney.

Karl Ludwig appeared as appointed counsel on behalf of the defendant.

The defendant was informed of the charge pending against him in the Indictment.

The government moved for detention of the defendant under 18 U.S.C. §3142(f)(1)(A) as this case involves a crime of violence and under §3142(f)(1)(E) as this case involves the possession of a dangerous weapon.

C;Cr1: T:00:05
C;Cr23: T:00:18

The defendant stipulated to detention, reserving his right to reopen the issue of detention should his circumstances change.  The government did not object.  Based on the defendant's stipulation, the court granted the government's motion for detention and ordered the defendant detained subject to his right to another detention hearing upon petitioning the court for same.

The defendant agreed to go forward with the arraignment this date.

The defendant was informed of the maximum possible penalties associated with the charges if convicted.

The defendant entered a plea of NOT GUILTY to the single count of the Indictment.

The court accepted the defendant's plea of NOT GUILTY and will issue a scheduling order.

The court advised counsel that the pretrial conference is scheduled for February 24, 2026 at 1:30 p.m. by video before United States District Judge John W. deGravelles, and the trial is scheduled for March 4, 2026 at 9:00 a.m. in Courtroom One.

The parties were advised that, pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court. This oral order is entered under Rule 5(f)(1) of the Federal Rules of Criminal Procedure.

The defendant was remanded to the custody of the U.S. Marshal pending further proceedings.