**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES**

                                          **NO. 25-cr-181-JWD-EWD**

**VERSUS**

**EVODIO MERIDA-TAVERA**

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**UNITED STATES' SECOND MOTION TO CONTINUE TRIAL,**
**PRE-TRIAL CONFERENCE, AND PRE-TRIAL DEADLINES [DOC. 33]**

For a second time, the Government has moved to continue this trial because they do not have evidence to prove their case, in spite of getting an Indictment against Mr. Merida-Tavera over 4 months ago.

No amount of time and no amount of expert witnesses will change the simple fact that this case was a parking lot accident and not a crime.

This case has been continued once because the Government wasn't ready. Now, despite having sufficient time to get prepared, they are still not ready.

In the original Motion to Continue, a different set of justifications were put forward. The Government claimed it needed more time to translate jailhouse phone calls which were in Spanish. They also alleged that they were in possession of voluminous financial and employment records concerning Mr. Merida-Tavera's status in the United States.  Defense counsel notes that the voluminous records have nothing to do with this case.

In its Second Motion to Continue, the Government comes forth with new reasons why they're not ready. First is the Powertrain Control Module (PCM) commonly referred to as a black box. Analysis of the black box will not add anything to this case.

The videos of the accident speak for themselves. This Court can review both the surveillance video from the restaurant as well as the body cam video. Any data from the black box will be meaningless and contribute nothing to this case.

A simple review of the videos will show that the car Mr. Merida-Tavera was driving traveled about 3 or 4 feet and probably reached a speed of 3 or 4 miles an hour. Federal Rules of Evidence 701, allows a witness who is not testifying as an expert to form an opinion if it is based on a witness's perception of an event. This Court can watch the video and form its own opinion. No expert testimony is needed on this issue.

The Government next complains about a cell phone video that was made by an employee of Albasha's of the monitor that captured the accident. As this Court noted in our recent conference call, many recording devices only hold data for a few days. Luckily, one of the employees of Albasha was prudent enough to record with his iPhone the incident as it was captured on the store's monitor. The defense will have that employee ready to testify in order to lay a proper foundation. The prosecution has been in possession of this video for a few months and only now brings up its authenticity and reliability. This is another delay tactic. The video is very clear and speaks for itself.

The Government is grasping at straws trying to come up with some evidence to support their theory that Mr. Merida-Tavera intentionally ran into the Government leased Jeep. The evidence is obvious and overwhelming that he did not. As noted above, this is a simple tort – a parking lot accident caused by negligence – not only on the part of Mr. Merida-Tavera but on the agent who parked his Jeep behind Mr. Merida-Tavera where he could not see it. Additional time will not change the facts. The Court should deny this Motion and allow Mr. Merida-Tavera to have his day in court.

Respectfully submitted:

/s/John S. McLindon
John S. McLindon
Attorney at Law   LA Bar No.19703
7967 Office Park Blvd., Suite B
Baton Rouge  LA  70809
Telephone: 225-408-0362
Cell: 225-603-6493
Email: john@mclindonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st of April, 2026, the foregoing Opposition to Doc. 33 has been filed electronically with the Clerk of Court using CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/John S. McLindon
JOHN S. McLINDON