**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES**

                                            **NO. 25-cr-181-JWD-EWD**

**VERSUS**

**EVODIO MERIDA-TAVERA**

**PRETRIAL MEMORANDUM ON BEHALF OF EVODIO MERIDA-TAVERA**

This case involves a tort, not a crime. Simply put, Mr. Merida-Tavera backed up his car and accidentally struck a jeep, which had pulled up behind him without giving him any notice. The evidence will show that Mr. Merida-Tavera attempted to leave the parking space quickly and did not realize a vehicle had positioned itself behind him. These are acts of negligence, not intent.

In order to prevail in this case, the Government must prove beyond a reasonable doubt that Mr. Merida-Tavera intentionally used his vehicle to strike the Jeep. The evidence will demonstrate that he never saw the Jeep behind him and that the collision was accidental.

There's no question that Merida-Tavera is in the country illegally. We have never contested that issue. On the date of this incident, he was going to work at Albasha restaurant on Bluebonnet Boulevard. The parking for employees is behind the restaurant.

Merida-Tavera (as will be seen on the video to be shown at trial) pulled into the back parking lot. There was a large Jeep in front of him. The Jeep backed up in order to allow Mr. Merida-Tavera to go around him.

Merida-Tavera saw the unmarked Jeep. He had no idea that it was occupied by federal agents. As Merida-Tavera passed the Jeep, which was on his right, the Jeep simultaneously

Page 1 of 3

backed up in order to give him more room. Merida-Tavera then turned right, into a parking space. After parking, he looked to his left and saw a black truck,  and he quickly realized that these were either ICE or Border Patrol agents who were either in the process of or had just arrested one of his co-workers. Mr. Merida-Tavera panicked. He did not want to be arrested. He started his car and put it in reverse so that he could leave.

Unbeknownst to him, the Jeep, which backed out to allow him to pass just minutes ago, pulled up behind him.

The Jeep did not pull up completely behind him, but only about halfway across the back of his bumper.

Had the Jeep pulled up completely behind him, there is at least a chance that Merida-Tavera would have seen the Jeep out of his side rearview mirror, *if* in fact he even looked in his rearview mirror.  For unknown reasons, the Jeep only pulled up halfway behind Merida-Tavera's car.  He never saw it.

Upon seeing the agents to the left getting out of the black truck, he quickly began backing out of the parking spot, backed up about three feet and reached a speed of about three miles an hour. He accidentally struck the Jeep.

The agents who were to the left of Mr. Merida-Tavera in the black truck, came over and after the collision, smashed his window out, and forcibly pulled him out of the car. All of this will be depicted in the two videos to be presented to the Court – one from the body camera of the federal agent and another from the surveillance video from the back of the restaurant.

The evidence will demonstrate that Mr. Merida-Tavera did not know the Jeep was behind him, did not see the Jeep before backing, and did not intentionally strike any vehicle.

At most, the collision resulted from negligence while attempting to leave the parking lot in a hurry. Because the Government cannot establish the required intent beyond a reasonable doubt, the Court should find Mr. Merida-Tavera not guilty.

Respectfully submitted:

s/John S. McLindon
John S. McLindon
Attorney at Law  #19703
7967 Office Park Blvd., Suite B
Baton Rouge, LA 70809
T: 2250408-0362
C: 225-603-6493
E: john@mclindonlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify on this 9th day of June, 2026, the foregoing Pretrial Memorandum on behalf of Evodio Merida-Tavera was filed electronically with the Clerk of Court using CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/John S. McLindon
JOHN S. McLINDON